MARTIN BROTHERS COMPANY, Respondent, v. PETERSON et al., (GISLASON, Appellant.)

(162 N. W. 154.)

(File No. 4131.    Opinion filed April 2, 1917.)

1. **Executors and Administrators—Estate's Business Continued by Executor—Executor's Personal Liability for Business Debts.**

Where the evidence conclusively shows that an executor knew the business of the estate was conducted in the name of the estate, that proceeds of goods sold were deposited in bank in name of the estate, that he considers the estate indebted for the goods bought, that part of the merchandise was destroyed by fire, and he, as executor, collected the insurance money. held, that he was personally liable for debts incurred in the course of said business, although he was ignorant of his legal liability in the premises, and acted with an honest purpose.

2. **Accounts—Sale of Goods, Whether a Continuing Account?—Interest on Items, Whether Allowable.**

Trial court properly allowed interest on each item of goods sold in the course of mercantile business, from date when each item became due; the account not being a continuing account;

and the claim that interest should only have been charged from date of last item is untenable.

Appeal from Circuit Court, Brown County.    Hon. THOMAS L. BOUCK, Judge.

Action by the Martin Brothers Company, against Emil G. Peterson, and Bjorn B. Gislason, as an individual and as executor of the will of J. Peterson, deceased, to recover for a balance due for goods purchased for an estate pending administration thereof. From a judgment for plaintiff, and from an order denying a new trial, defendant, Gislason, individually, appeals.    Affirmed.

*Roy T. Bull,* for Appellant.

*Jos. J. Conry,* for Respondent.

(1.)    To point one of the opinion, Respondent cited: Willis v. Sharp, 113 N. Y. 586, 21 N. E. 705, 4 L. R. A. 493; Campbell v. Faxon, (Kan.) 85 Pac. 760, 5 L. R. A. (N. S.) 1002; 18 Cyc. 241; Swaine v. Hemphill, reported in 40 L. R. A. (N. S.) 201, and note, pp. 214, 218.

WHITING, J.    J. Peterson was engaged in the mercantile business at Newark, S. D., at the time of his death in March, 1909.    By his will he named the defendant Gislason as his executor.    Gislason qualified as executor in June, 1909.    At the time of the death of Peterson, Gislason lived and thereafter continued to live in the state of Minnesota.    At the time of and immediately preceding the death of said Peterson, his son, the defendant Emil G. Peterson, was in charge of and was conducting the mercantile business for his father.    After the death of his father, this mercantile business remained in immediate charge of defendant Peterson, it being conducted in the name of the J. Peterson estate.    While the business was being so conducted, and between August 1, 1912, and April 1, 1914, plaintiff sold goods to the said business concern.    This action was brought to recover the amount claimed to be due and unpaid for goods so sold. Emil G. Peterson and Gislason (both as an individual and as executor) were made parties defendant.    Upon demurrer to the complaint the action was dismised as against Gislason as executor.    The court directed a verdict against Peterson and against Gislason as an individual.    From the judgment entered upon such verdict and from an order denying a new trial defendant Gislason appealed.

The assignments present but two questions: (a) The right of respondent to recover anything against appellant. (b) If respondent is entitled to recover, then the amount he is entitled to recover.

[1] Was respondent entitled to a directed verdict? The sole theory upon which respondent claims the right of recovery was because Gislason, without authority so to do, continued such mercantile business in the name of the estate of which he was executor. That he had no authority to continue such business on behalf of the estate is undisputed; but it is his contention that he had nothing whatsoever to do with the continuation of such business—that neither he individually nor the estate of which he was executor was in any way connected with, or liable for the debts of, such business after the death of his testator. No useful purpose could possibly be subserved by a review of the evidence herein, a large part of which was correspondence passing between appellant and the defendant Peterson while Peterson was in charge of such business. It is sufficient to say that such evidence conclusively shows that appellant knew the business was being conducted in the name of the estate; that the proceeds of goods sold were deposited in a bank in the name of the estate; that he considered the estate to be indebted for the goods bought; that after the stock of merchandise was, in 1913, destroyed by fire, he as executor, collected the insurance money. The evidence can leave no doubt in the mind of any person but that, because of family ties existing between appellant and defendant Peterson and because of misplaced confidence which appellant had in the honesty and ability of Peterson, appellant failed to administer this estate and close up such mercantile business in accordance with the requirements of the law. Appellant was undoubtedly in ignorance of the personal liability that would result from his continuing such business, and there is no evidence that in the slightest degree tends to impugn the honesty of his purpose; he is merely the victim of misplaced confidence; but that, under the facts, he is holden to respondent is beyond question. The law is concisely stated in 11 R. C. L. Executors and Administrators, § 142, as follows:

"An executor or administrator ordinarily has no power to continue the business in which the decedent was engaged at the

time of his death; and this is true although he acts in the utmost good faith and believes that he is proceeding for the best interests of the estate. The penalty for continuing a business of the decedent without authority is the imposition of a personal liability on the executor or administrator so doing for all debts of the business."

[2] The court allowed interest on each item of goods sold from the date when such item became due. Appellant contends that this was a continuing account, and that interest could only be charged from the date of the last item thereof. Appellant is clearly in error.

The judgment and order appealed from are affirmed.